## BILL EDWARDS v. STATE.

No. A—3111.   Opinion Filed April 12, 1920.

(188 Pac. 890.)

(Syllabus.)

GAMING—Conducting Game—Sufficiency of Evidence. In a prosecution for conducting a gambling game, the evidence considered, and held sufficient to sustain conviction.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

Bill Edwards was convicted of conducting a gambling game, and he appeals. Affirmed.

*Champion & George,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted and his punishment assessed at imprisonment in the penitentiary for one year and a fine of $500. From the judgment rendered on the verdict he appeals.

Omitting preceding portions, the information charges that Bill Edwards "did then and there unlawfully and feloniously open up and conduct a certain banking, percentage, and gambling game for money, checks and other representatives of value, to wit, poker, and other gambling games played with cards, the names of which is to your informant unknown with divers of persons to your informant unknown, contrary to," etc.

The errors assigned question the sufficiency of the evidence to support the verdict.

It appears that two deputy sheriffs and two constables together raided a place in an alley north of Main street in the town of Wirt, commonly called "Ragtown."

Jim Gauntt, deputy sheriff, testified:

"I went to Ragtown and raided this place. Mr. Jones and myself made the run on the house. I made the run on the table where Bill Edwards was sitting. When I got to the table there were cards on it and $162.65. The defendant claimed the money on the table. The house was full of people. There was quite a bunch around the table and the defendant was the only one sitting behind the table. He was banking the game. He was the only man that claimed the money."

C. P. Jones, constable of Hewitt township, testified:

"I was with Mr. Gauntt and Mr. Ward and Mr. Griffin when the raid was made. When we stepped in the crowd ran out. I saw the defendant, Bill Edwards, there."

There was no testimony offered on part of the defendant.

The weight of the evidence was a question for the jury under the instructions of the court, which gave the defendant the benefit of all reasonable doubt; and we are not prepared to say that the verdict is not supported by the evidence. This court has uniformly held that, when the inference of guilt can be reasonably drawn from the evidence, it will not interfere with the verdict on the ground of a want of evidence to support it.

Having found no error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.